1  ROBERT L. WISHNER [SB# 78615]
   Attorney at Law
2  18022 Cowan, Suite 100
   Irvine, CA 92614
3  Tel:  (949) 757-2217
4  Fax:  (949) 757-2211

5  Attorney for Plaintiffs
   JEFFREY NORMAN
6  HERITAGE MARKETING & INSURANCE
7    SERVICES, INC.

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                 SANTA ANA DIVISION

11  JEFFREY NORMAN, HERITAGE          CASE NO.        SACV10-1561 AG (MLGx)
    MARKETING & INSURANCE SERVICE,
12  INC., a California corporation,
                                       COMPLAINT FOR VIOLATIONS OF CIVIL
13                                     RIGHTS UNDER 28 U.S.C. §1983, AND FOR
              Plaintiff,               DECLARATORY RELIEF.
14
        vs.                            REQUEST FOR INJUNCTION RELIEF
15                                     INCLUDED
16  SUPREME COURT OF OHIO; BOARD
    ON THE UNAUTHORIZED PRACTICE       DEMAND FOR JURY TRIAL
17  OF LAW OF THE SUPREME COURT OF
    OHIO; JAMES L. ERVIN; C. LYNNE
18  DAY; DON J. HUNT; PORTER WRIGHT
    MORRIS & ARTHUR LLP, JOYCE D.
19  EDELMAN, COLUMBUS BAR
    ASSOCIATION; OHIO BAR
20  ASSOCIATION,

21            Defendants.

22

23

24

25

26

27

28

1      Plaintiffs JEFFRY NORMAN (" Jeffrey Norman") and HERITAGE MARKETING &

2    INSURANCE SERVICES, INC. ("Heritage") allege as follows:

3                                 **JURISDICTION AND VENUE**

4       1.      This is an action for redress of violations of civil rights under 42 U.S.C. §1983.

5    This Court has jurisdiction of this action pursuant to 28 U.S.C. §1343(3). This Court also has

6    jurisdiction of this action pursuant to 28 U.S.C. 1332(a)(1) as all plaintiffs are citizens of

7    California and all defendants are citizens of Ohio.

8       2.      Venue is proper in this Court pursuant to 28 U.S.C.§1391(b)(2) because a

9    substantial part of the events giving rise to the claim occurred in the district and division of

10    the Court, and because a substantial part of the property of plaintiff that is the subject of the

11    action is situated in this district and division of the Court.

12                                          **PARTIES**

13       3.      Plaintiff Jeffrey Norman is an individual residing in the County of Orange,

14    State of California within the district and division of this Court.

15       4.      Plaintiff Heritage is a corporation duly organized, existing and operating in

16    California with its principal place of business in the County of Orange, State of California

17    within the district and division of this Court.

18       5.      Defendant Supreme Court of Ohio is the highest tribunal of the State of Ohio

19    established pursuant to the Constitution of the State of Ohio.

20       6.      Defendant Board on the Unauthorized Practice of Law of the Supreme Court of

21    Ohio ("Board") is a board established by Rule VII of the Supreme Court Rules for the

22    Government of the Bar of Ohio ("Supreme Ct. Gov. Rule").

23       7.      Plaintiff is informed and believes and thereon alleges that defendant James L.

24    Ervin ("Ervin") is an attorney duly licensed to practice law in the State of Ohio, is a resident

25    of Ohio, and was the Chairman of the Panel of the Board that adjudicated the claims against

26    plaintiffs.

27       8.      Plaintiff is informed and believes and thereon alleges that defendant C. Lynne

28    Day ("Day") is an attorney duly licensed to practice law in the State of Ohio, is a resident of

1

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

1   Ohio, and was the a member of the Panel of the Board that adjudicated the claims against

2   plaintiffs.

3       9.    Plaintiff is informed and believes and thereon alleges that defendant Don J.

4   Hunt is a resident of Ohio, and was a member of the Panel of the Board that adjudicated the

5   claims against plaintiffs.

6       10.    Plaintiff is informed and believes and thereon alleges that defendant Porter

7   Wright Morris & Arthur LLP ("Porter") is a law firm organized as a limited liability

8   partnership in Ohio and represented the Columbus Bar Association in prosecuting the claims

9   against plaintiffs.

10       11.    Plaintiff is informed and believes and thereon alleges that defendant Joyce D.

11   Edelman ("Edelman") is a lawyer with the firm of Porter Wright Morris & Arthur LLP, is a

12   member of the Columbus Bar Association, a resident of Ohio and was the attorney from the

13   Porter firm who prosecuted the claims against plaintiffs on behalf of the Columbus Bar

14   Association.

15       12.    Plaintiff is informed and believes that the Columbus Bar Association ("CBA")

16   is an unincorporated association established in Ohio whose members are attorneys practicing

17   in Columbus, Ohio.  Plaintiff is informed and believes that defendants Ervin, and other

18   members of the Board at the time of the relevant events were and are members of the CBA.

19       13.    Plaintiff is informed and believes that the Ohio Bar Association ("OBA") is an

20   unincorporated association established in Ohio whose members are attorneys practicing in

21   Ohio.  Plaintiff is informed and believes that defendants Ervin, Day, and other members of the

22   Board at the time of the relevant events were and are members of the OBA.

23       14.    Plaintiff is informed and believes and thereon alleges that at all times alleged

24   herein, defendants and each of them, were and are the agents, personal representatives,

25   employees, and/or aiders and abettors of, and/or co-conspirators with each of the other

26   defendants, and at all times alleged herein were acting within the course and scope of said

27   agency, representation, employment, aiding and abetting, and/or civil conspiracy.

28

2

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

1   **PLAINTIFFS' BUSINESS STRUCTURE AND OPERATIONS IN OHIO**

2       15.   American Family Prepaid Legal Corporation ("American Family") was

3   organized as a California corporation on November 21, 2000. Jeffrey Norman and his father,

4   Stanley Norman each owned 50% of the stock of American Family, and Stanley Norman was

5   the President and Jeffrey Norman was the CEO.

6       16.   American Family was duly registered duly registered with the State of Ohio as

7   a prepaid legal plan. The company sold memberships in a prepaid legal plan which provided

8   members access to various discounted legal services. Upon enrollment in American Family's

9   plan ("Plan"), and as one of the benefits of the Plan, members ("Plan Members" or

10  "Members") were assigned to a plan attorney for the initial preparation of an estate plan, if

11  necessary as determined solely by a licensed Ohio attorney, and became clients of the

12  particular attorney. Concurrently, as disclosed in the Plan's "guide to benefits," Members

13  were entitled to services from a licensed insurance agents and notaries for two purposes:

14  (1) delivery of any estate planning documents prepared by the Plan's attorney, and (2)

15  financial planning assistance regarding the recommendation of appropriate insurance

16  products.

17      17.   Heritage is a licensed insurance agency which was originally organized as a

18  partnership and became a corporation on April 7, 1999. The stock of Heritage was owned

19  equally by Jeffrey Norman and Stanley Norman, and the President of Heritage is Jeffrey

20  Norman. The primary source of insurance business for Heritage was the purchase and receipt

21  of assignment of American Family's Plan Members, but Heritage also operated as an

22  independent insurance agency seeking clients from the general public. Heritage is duly

23  licensed with the Ohio Department of Insurance.

24      18.   In November 2007, Stanley Norman and American Family filed for Chapter 7

25  bankruptcy protection in the United States Bankruptcy Court for the Central District of

26  California. Both bankruptcy cases are pending.

27

28

3

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

## OHIO'S JUDICIAL FRAMEWORK FOR DEALING WITH CLAIMS OF THE UNAUTHORIZED PRACTICE OF LAW.

19.     Under Article IV, Section 2(B)(1)(g) of the of the Ohio Constitution, the Supreme Court of Ohio is provided with original jurisdiction over the practice of law.  Based on this provision, the Ohio Supreme Court has purported to assert original and exclusive jurisdiction for determining whether non-lawyers have engaged in the unauthorized practice of law ("UPL").

20.     Under Rule VII of the Supreme Court Rules for the Government of the Bar of Ohio ("Supreme Ct. Gov. Rule"), the Ohio Supreme Court has delegated its responsibility for fact-finding and evaluating UPL claims to a twelve person Board on the Unauthorized Practice of Law ("Board').  The Board consists of eleven attorneys and one lay person, with three-person panels chosen to handle specific cases.  Thus, the persons charged with hearing claims of UPL are not judges or juries but members of the bar of Ohio, themselves or a lay person.

21.     The current Rule VII, §5a provides for a summary remedy in the form of an interim cease and desist order which can be entered by the Supreme Court without any evidentiary hearing upon recommendation by only one Board member.  (Sup. Ct. Gov. Rule VII, §5a(B).)  The predecessor Section 5a, in effect in 2005 at the time of the subject proceedings, was even more egregious as it failed to provide for any hearing at all in connection with a motion for a cease and desist order.  There is essentially no appeal from the entry of an interim cease and desist order as the only recourse is to make a motion for dissolution of the order to the Supreme Court, the body which issued the order in the first instance.  (Sup. Ct. Gov. Rule VII, §5a(D).)

22.     A claim that an accused has engaged in the unauthorized practice of law is made by the filing of a complaint with the Board, or in the case where a consent decree has been previously entered, by a motion to show cause to enforce such decree.  (Sup. Ct. Gov. Rule VII, §§5(A), 5b(E)(3).)  The bar associations of the state and local jurisdictions are specifically authorized to file such actions.  (Sup. Ct. Gov. Rule VII, §4(B).)  The party

4

1   making the complaint is referred to as the "Relator" for having referred the matter at issue to

2   the Board.  (Sup. Ct. Gov. Rule VII, §5(A).)

3       23.    Rule VII requires an evidentiary hearing to be conducted on all complaints and,

4   in the case of motions to enforce a consent decree, either an evidentiary hearing or oral

5   argument on the motion.  Sup. Ct. Gov. Rule VII, §§5a(B), 7(A)(3).)  After the completion of

6   proceedings before a panel, written findings of fact and recommendations are issued and can

7   be reviewed by the entire Board before being filed with the Supreme Court of Ohio.  (Sup. Ct.

8   Gov. Rule VII, §§7(C)-(F), 19.)  The accused may be able to file objections to the report and

9   the Supreme Court will conduct oral argument but only on the objections.  (Sup. Ct. Gov.

10   Rule VII, §19.)  There is no fact-finding performed by the Supreme Court and no right of

11   appeal since the matter is being determined in the first by the highest court.

12   **PROCEDURAL HISTORY OF OHIO PROCEEDINGS.**

13   **Consent Decree.**

14       24.    In 2002, the CBA filed a complaint with the Board against American Family,

15   Heritage, Jeffrey Norman and Stanley Norman and other individuals.  The CBA alleged that

16   respondents American Family and Heritage were practicing law by selling trusts.  In March

17   2003, a Consent Agreement was entered into by the respondents and the CBA and approved

18   by the Board.  The Consent Agreement provided that, during an 18-month period, the

19   respondents would pay for any plan member to have their estate planning documents reviewed

20   by an attorney.

21   **CBA's Unsuccessful First Motion.**

22       25.    Not coincidentally, shortly after the expiration of the 18-month period, the

23   CBA filed a motion with the Board to enforce the Consent Agreement.  Respondents opposed

24   the motion and on December 30, 2004, the Chairman of the Board overruled the motion.

25   **Interim Cease and Desist Order.**

26       26.    On January 1, 2005, the Ohio Supreme Court instituted a new Rule VII, §5a

27   allowing the filing of a motion for an interim cease and desist pending the determination of a

28

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

1   complaint.  Moreover, the new rule permitted the motion for a cease and desist order to be

2   filed directly with the Ohio Supreme Court and granted without hearing.

3          27.    Having new life breathed into its case by this no-hearing procedure sanctioned

4   by the Supreme Court of Ohio, the CBA seized the opportunity and on March 3, 2005, filed a

5   motion for a cease and desist order against respondents.   The Supreme Court granted the

6   motion on April 12, 2005 without any hearing and ordered the Board to hold a hearing to

7   determine whether the terms of the Consent Agreement were breached.  Despite the specific

8   order of the Supreme Court, no hearing on the motion for a cease and desist order was ever

9   conducted.

10                        **Motion to Enforce Consent Agreement.**

11          28.    On March 3, 2005, the CBA filed its repackaged motion to enforce Consent

12   Agreement that had been denied just three months earlier.

13          29.    The chairperson of the Board appointed a panel ("Panel") ostensibly to hear the

14   CBA's motion.  The Panel consisted of defendants Ervin, Day and Hunt, and Ervin was the

15   chairperson of the panel ("Panel").

16          30.    During the course of the proceedings, the OBA intervened in support of the

17   claims of UPL asserted by the CBA.

18                        **Summary Judgment Motions.**

19          31.    On September 9, 2005, Norman and the other respondents filed a motion for

20   summary judgment.  However, despite the specific time periods for opposing and reply briefs

21   to be filed and the requirement of a hearing as contained in governing Ohio Rule of Civil

22   Procedure 56, the Panel simply held respondents' summary judgment motion in abeyance for

23   two years without requiring any opposition to be filed and without setting any hearing.

24          32.    Indeed, it was only when the CBA decided to file its own summary judgment

25   motion that the Panel decided to require full briefing.  Although the CBA had been given over

26   two years to prepare an opposition to respondent's motion, the Panel gave Norman (who by

27   that time was representing himself *pro se*) only thirty days to file their opposition to 3,948

28

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

1  pages of documents in support of the CBA's motion, and denied respondents' requests for

2  further time.

3        33.     Not surprisingly, the Panel denied the respondents' summary judgment motion

4  and granted the summary judgment motion of the CBA, again without conducting any hearing

5  or receiving oral argument.  Plaintiffs are informed and believe that it was the admitted

6  intention of the Panel not to afford respondents any hearing on the summary judgment

7  motions.  Further, in ruling for the CBA, the Panel openly admitted that it entirely disregarded

8  the arguments presented in the pleadings filed by Norman, who at that time was representing

9  himself *pro se.*

10        34.     The Panel prepared a Final Report ("Report") finding that Norman and the

11  other respondents had engaged in the unauthorized practice of law.  The Report was adopted

12  by the entire Board and filed with the clerk of the Supreme Court on August 28, 2008.

13        **Supreme Court's Adoption of Board Report and Entry of Judgment.**

14        35.     All parties filed objections to the Report and the Supreme Court of Ohio held a

15  brief hearing on the objections on January 13, 2009.  On October 14, 2009 the Supreme Court

16  issued its Order adopting the Report and entered judgment ("Ohio Judgment") that included

17  an injunction against activities it considered to constitute UPL, and the imposition of

18  purported "civil" penalties against Norman, Heritage and other parties in the amount of

19  $6,387,990 as well as lesser items of cost recovery, and a daily fine until lists of American

20  Family plan members and Heritage clients were provided.

21        **Entry of Sister-State Judgment in California**

22        36.     A (Corrected) Certificate of Judgment was issued by the clerk of the Supreme

23  Court of Ohio on May 6, which only addressed the civil penalties and lesser cost recovery

24  items.  Based on this Certificate, the Supreme Court applied to the Superior Court of

25  California, County of Orange for entry of a sister-state judgment in California ("California

26  Judgment"), which was entered on July 7, 2010.

27        37.     Plaintiffs have filed a motion to vacate the California Judgment, which motion

28  is currently pending.

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

### FIRST CLAIM FOR RELIEF

### (Violation of Civil Rights of Plaintiffs under 42 U.S.C. §1983-

### Absence of Jurisdiction-

### Including Request for Temporary Restraining Order, and

### Preliminary and Permanent Injunction)

38.     Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations of paragraphs 1 through 37.

39.     The Constitution of the State of Ohio does not grant jurisdiction to the Supreme Court of Ohio for claims that non-lawyers have engaged in the unauthorized practice of law.

40.     On April 12, 2005, the Supreme Court of Ohio issued a ceased and desist order against plaintiffs, American Family and Stanley Norman, as alleged above.  Pursuant to the then newly revised Section 5a of Rule VII, defendants Porter and Edelman certified that they had evidence of instances UPL on the part of the plaintiffs, American Family and Stanley Norman.

41.     Plaintiffs are informed and believe, and thereon allege, that the CBA did not have any evidence of UPL on the part of such parties, and that the CBA later admitted through its subsequent counsel, Porter and Edelman that their purported evidence was not obtained until over 19 months year after their request for an interim cease and desist order.

42.     The Supreme Court of Ohio did not have jurisdiction over plaintiffs, American Family and Stanley Norman.

43.     The proceedings initiated by the CBA and conducted before the Supreme Court of Ohio and the Board were without proper jurisdiction over the parties accused of UPL.

44.     The prosecution and determination of the claims of UPL by the defendants deprived plaintiffs of due process and constituted a violation of plaintiffs' rights under 28 U.S.C. §1983.

45.     As a proximate result of the violation of their rights under 28 U.S.C. §1983, plaintiffs have been damaged in excess of the jurisdiction of this Court.

8

46.     Plaintiffs further seek and are entitled to a temporary restraining order, preliminary and permanent injunction preventing defendants from enforcing the Ohio Judgment and the California Judgment.

47.     Plaintiffs further seek and are entitled to an order vacating the Ohio Judgment, or an injunction requiring the Supreme Court of Ohio to vacate the Ohio Judgment, and to initiate the appropriate proceedings to dismiss or vacate the California Judgment.

48.     Plaintiffs do not have any adequate remedy at law for the continued enforcement of the Ohio Judgment since the entry of the Ohio Judgment has caused various departments of insurance, including but not limited to the Ohio Department of Insurance to initiate proceedings to suspend or revoke the insurance licenses of plaintiffs, and the continuing loss of sales and profits is very difficult or impossible to calculate.

## SECOND CLAIM FOR RELIEF

### (Violation of Civil Rights of Plaintiffs under 42 U.S.C. §1983-

### Absence of Impartial Tribunal-

### Including Request for Temporary Restraining Order, and

### Preliminary and Permanent Injunction)

49.     Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations of paragraphs 1 through 48.

50.     The Ohio Judgment was rendered in a judicial framework that is inherently biased since it is assured the presence of two attorneys as adjudicators on any panel hearing a claim of the unauthorized practice of law.  Further, the findings of panels are reviewed by the entire Board, which is comprised of eleven attorneys out of twelve members.

51.     Since attorneys have an inherent economic conflict of interest with non-attorneys engaging in activities which could compete for business of attorneys, Rule VII prevents persons accused of UPL from having their case adjudicated by an impartial tribunal.

52.     Further, the trier of fact in the Ohio proceedings, the Panel and the Board, had a conflict of interest which prevented plaintiffs being afforded a impartial tribunal.  The Panel

9

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

1    Chairman and various Board Members were members of the CBA, which was prosecuting the

2    claims against plaintiffs.

3         53.    The prosecution and determination of the claims of UPL against plaintiffs

4    under Rule VII deprived plaintiffs of due process and constituted a violation of plaintiffs'

5    rights under 28 U.S.C. §1983.

6         54.    As a proximate result of the violation of their rights under 28 U.S.C. §1983,

7    plaintiffs have been damaged in excess of the jurisdiction of this Court.

8         55.    Plaintiffs further seek and are entitled to a temporary restraining order,

9    preliminary and permanent injunction preventing defendants from enforcing the Ohio

10   Judgment and the California Judgment.

11        56.    Plaintiffs further seek and are entitled to an order vacating the Ohio Judgment,

12   or an injunction requiring the Supreme Court of Ohio to vacate the Ohio Judgment, and to

13   initiate the appropriate proceedings to dismiss or vacate the California Judgment.

14        57.    Plaintiffs do not have any adequate remedy at law for the continued

15   enforcement of the Ohio Judgment since the entry of the Ohio Judgment has caused various

16   departments of insurance, including but not limited to the Ohio Department of Insurance to

17   initiate proceedings to suspend or revoke the insurance licenses of plaintiffs, and the

18   continuing loss of sales and profits is very difficult or impossible to calculate.

19                              **THIRD CLAIM FOR RELIEF**

20           **(Violation of Civil Rights of Plaintiffs under 42 U.S.C. §1983-**

21                     **Deprivation of Procedural Due Process-**

22             **Including Request for Temporary Restraining Order, and**

23                 **Preliminary and Permanent Injunction)**

24        58.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein,

25   the allegations of paragraphs 1 through 57.

26        59.    The trier of fact in the Ohio proceedings, the Panel and the Board, had a

27   conflict of interest which prevented plaintiffs being afforded a impartial hearing.  The Panel

28

10

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

1   Chairman and various Board Members were members of the CBA, which was prosecuting the

2   claims against plaintiffs.

3        60.    The trier of fact in the Ohio proceedings, the Panel and the Board, failed to

4   provide plaintiffs with either an evidentiary hearing or oral argument as specifically required

5   by the governing rules of the Supreme Court of Ohio and the Ohio Rules of Civil Procedure

6        61.    Further, the Ohio judgment was rendered in part by a lay person unqualified to

7   adjudicate the legal issues involved in determinations of what constitutes the unauthorized

8   practice of law.

9        62.    The prosecution and determination of the claims of UPL against plaintiffs

10   under Rule VII deprived plaintiffs of due process and constituted a violation of plaintiffs'

11   rights under 28 U.S.C. §1983.

12        63.    As a proximate result of the violation of their rights under 28 U.S.C. §1983,

13   plaintiffs have been damaged in excess of the jurisdiction of this Court.

14        64.    Plaintiffs further seek and are entitled to a temporary restraining order,

15   preliminary and permanent injunction preventing defendants from enforcing the Ohio

16   Judgment and the California Judgment.

17        65.    Plaintiffs further seek and are entitled to an order vacating the Ohio Judgment,

18   or an injunction requiring the Supreme Court of Ohio to vacate the Ohio Judgment, and to

19   initiate the appropriate proceedings to dismiss or vacate  the California Judgment.

20        66.    Plaintiffs do not have any adequate remedy at law for the continued

21   enforcement of the Ohio Judgment since the entry of the Ohio Judgment has caused various

22   departments of insurance, including but not limited to the Ohio Department of Insurance to

23   initiate proceedings to suspend or revoke the insurance licenses of plaintiffs, and the

24   continuing loss of sales and profits is very difficult or impossible to calculate.

25

26

27

28

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

## FOURTH CLAIM FOR RELIEF

**(Violation of Civil Rights of Plaintiffs under 42 U.S.C. §1983-**

**Acts in Excess of Jurisdiction-**

**Including Request for Temporary Restraining Order, and**

**Preliminary and Permanent Injunction)**

67.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations of paragraphs 1 through 66.

68.    The trier of fact in the Ohio proceedings, the Panel and the Board, failed to provide plaintiffs with either an evidentiary hearing or oral argument as specifically required by the governing rules of the Supreme Court of Ohio and the Ohio Rules of Civil Procedure

69.    The trier of fact in the Ohio proceedings exceeded its own jurisdiction by failing to provide any hearing to plaintiffs, in direct contravention o the mandate of the Supreme Court of Ohio and governing rules of the Supreme Court of Ohio and the Ohio Rules of Civil Procedure in connection with the disposition of the claims against plaintiffs.

70.    The penalties assessed against plaintiffs are punitive and criminal in nature, in excess of the jurisdiction under which plaintiffs were prosecuted.

71.    The prosecution and determination of the claims of UPL against plaintiffs under Rule VII deprived plaintiffs of due process and constituted a violation of plaintiffs' rights under 28 U.S.C. §1983.

72.    As a proximate result of the violation of their rights under 28 U.S.C. §1983, plaintiffs have been damaged in excess of the jurisdiction of this Court.

73.    Plaintiffs further seek and are entitled to a temporary restraining order, preliminary and permanent injunction preventing defendants from enforcing the Ohio Judgment and the California Judgment.

74.    Plaintiffs further seek and are entitled to an order vacating the Ohio Judgment, or an injunction requiring the Supreme Court of Ohio to vacate the Ohio Judgment, and to initiate the appropriate proceedings to dismiss or vacate the California Judgment.

12

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

75. Plaintiffs do not have any adequate remedy at law for the continued enforcement of the Ohio Judgment since the entry of the Ohio Judgment has caused various departments of insurance, including but not limited to the Ohio Department of Insurance to initiate proceedings to suspend or revoke the insurance licenses of plaintiffs, and the continuing loss of sales and profits is very difficult or impossible to calculate.

## FIFTH CLAIM FOR RELIEF

### (Violation of Civil Rights of Plaintiffs under 42 U.S.C. §1983-

### Denial of Equal Protection and Deprivation of Substantive Due Process-

### Including Request for Temporary Restraining Order, and

### Preliminary and Permanent Injunction)

76. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations of paragraphs 1 through 75.

77. The Ohio Judgment was the result of selective and discriminatory prosecution of claims of unauthorized practice of law.

78. Jeffrey Norman was prosecuted for being the chief executive office and owner of American Family, which was duly registered as a legal plan pursuant to Ohio law, and president and owner of Heritage, which was a duly licensed and approved insurance agency.

79. Plaintiffs are informed and believe and thereon allege that no other registered legal plan or associated insurance provider has been similarly prosecuted for the unauthorized practice of law.

80. Plaintiffs are informed and believe and thereon allege that plaintiffs, American Family and Stanley Norman were singled out for arbitrary and unreasonable prosecution because they represented one of the largest economic threats of competition to attorneys in Ohio.

81. Plaintiffs are informed and believe and thereon allege that the actions of the CBA in refilling their previously-dismissed action shortly after the implementation of a new rule concerning cease and desist orders further evidences a vindictive intent on the part of the prosecution.

13

82.     The prosecution and determination of the claims of UPL against plaintiffs under Rule VII deprived plaintiffs of equal protection and due process and constituted a violation of plaintiffs' rights under 28 U.S.C. §1983.

83.     As a proximate result of the violation of their rights under 28 U.S.C. §1983, plaintiffs have been damaged in excess of the jurisdiction of this Court.

84.     Plaintiffs further seek and are entitled to a temporary restraining order, preliminary and permanent injunction preventing defendants from enforcing the Ohio Judgment and the California Judgment.

85.     Plaintiffs further seek and are entitled to an order vacating the Ohio Judgment, or an injunction requiring the Supreme Court of Ohio to vacate the Ohio Judgment, and to initiate the appropriate proceedings to dismiss or vacate the California Judgment.

86.     Plaintiffs do not have any adequate remedy at law for the continued enforcement of the Ohio Judgment since the entry of the Ohio Judgment has caused various departments of insurance, including but not limited to the Ohio Department of Insurance to initiate proceedings to suspend or revoke the insurance licenses of plaintiffs, and the continuing loss of sales and profits is very difficult or impossible to calculate.

## SIXTH CLAIM FOR RELIEF

**(Violation of Civil Rights of Plaintiffs under 42 U.S.C. §1983-**

**Abuse of Process-**

**Including Request for Temporary Restraining Order, and**

**Preliminary and Permanent Injunction)**

87.     Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations of paragraphs 1 through 86.

88.     Plaintiffs are informed and believe that the UPL action was brought for the purpose of improperly shutting down American Family, even though it was duly registered with the Supreme Court of Ohio, and Heritage, even though it was duly registered with the Ohio Department of Insurance.

14

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

89.     Plaintiffs are informed and believe and thereon allege that the improper purpose for the prosecution of plaintiffs was the protection of business opportunities for Ohio attorneys.

90.     Plaintiff further is informed and believes that counsel for the CBA engaged in prosecutorial misconduct by various acts and misrepresentations to the Court, including but not limited to falsely asserting they had possession of evidence of UPL at the time they refiled the motion for an interim cease and desist order in 2005.

91.     The prosecution and determination of the claims of UPL against plaintiffs under Rule VII constituted a malicious abuse of process and constituted a violation of plaintiffs rights under 28 U.S.C. §1983.

92.     As a proximate result of the violation of their rights under 28 U.S.C. §1983, plaintiffs have been damaged in excess of the jurisdiction of this Court.

93.     Plaintiffs further seek and are entitled to a temporary restraining order, preliminary and permanent injunction preventing defendants from enforcing the Ohio Judgment and the California Judgment.

94.     Plaintiffs further seek and are entitled to an order vacating the Ohio Judgment, or an injunction requiring the Supreme Court of Ohio to vacate the Ohio Judgment, and to initiate the appropriate proceedings to dismiss or vacate the California Judgment.

95.     Plaintiffs do not have any adequate remedy at law for the continued enforcement of the Ohio Judgment since the entry of the Ohio Judgment has caused various departments of insurance, including but not limited to the Ohio Department of Insurance to initiate proceedings to suspend or revoke the insurance licenses of plaintiffs, and the continuing loss of sales and profits is very difficult or impossible to calculate.

15

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Relief-

### Request for Temporary Restraining Order, and

### Preliminary and Permanent Injunction)

96.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations of paragraphs 1 through 37.

97.    An actual controversy now exists between plaintiffs and defendants regarding the propriety of the injunction contained in the Ohio Judgment.

98.    Plaintiffs contend that the injunction issued as part of the Ohio Judgment prevents plaintiffs from engaging in lawful activities in the State of Ohio and infringes on plaintiffs' rights of freedom of speech under the First Amendment to the United States Constituion.

99.    Plaintiffs are informed and believe, and thereon allege that defendants contend that the injunction rendered as part of the Ohio Judgment only prevents plaintiffs from engaging in the unauthorized practice of law.

100.    This controversy is a proper matter for determination by declaratory relief and judgment by this Court.  The controversy concerns the rights of the parties in regard to ongoing rights and liabilities under the injunction contained in the Ohio Judgment.

101.    Plaintiffs seek a judicial declaration and judgment that they can properly sell prepaid legal plans in accordance with the laws and regulations of Ohio, and that they can solicit Ohio citizens for insurance services and products.

WHEREFORE Plaintiffs Jeffrey Norman and Heritage Marketing & Insurance Services, Inc. pray for judgment as follows:

### ON THE FIRST THROUGH SIXTH CLAIMS FOR RELIEF

1.    For damages for the violations of 28 U.S.C. §1983 according to proof.

2.    For a temporary restraining order, preliminary and permanent injunction preventing defendants from enforcing the Ohio Judgment and the California Judgment.

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

3.     For a an order vacating the Ohio Judgment, or an injunction requiring the Supreme Court of Ohio to vacate the Ohio Judgment, and to initiate the appropriate proceedings to dismiss or vacate the California Judgment.

4.     For costs of suit incurred.

5.     For such other and further relief as the court may deem just and proper.

### ON THE SEVENTH CLAIM FOR RELIEF

1.     For a judgment and decree declaring that plaintiffs can properly sell prepaid legal plans in accordance with the laws and regulations of Ohio, and that they can solicit Ohio citizens for insurance services and products.

2.     For costs of suit incurred.

3.     For such other and further relief as the court may deem just and proper.

DATED:  October 14, 2010          ROBERT L. WISHNER
                                  Attorney at Law


                            By:   _____
                                  Robert L. Wisner
                                  Attorney for Plaintiffs
                                  JEFFREY NORMAN,
                                  HERITAGE MARKETING & INSURANCE
                                     SERVICES, INC.

17

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

1

**DEMAND FOR JURY TRIAL**

2        Plaintiffs JEFFREY NORMAN and HERITAGE MARKETING & INSURANCE

3    SERVICES, INC. hereby demand trial by jury of this action.

4    DATED:  October 14, 2010              ROBERT L. WISHNER
                                           Attorney at Law
5

6                                          By: _____

7                                              Robert L. Wisner
                                               Attorney for Plaintiff
8                                              JEFFREY NORMAN,
                                               HERITAGE MARKETING & INSURANCE
9                                                  SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

Norman v. Supreme Court of Ohio; Case No. _____
Complaint and Demand for Jury Trial

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Jeffrey Norman<br>Heritage Marketing and Insurance Services, Inc. | **DEFENDANTS**<br>Supreme Court of Ohio; Board on the Unauthorized Practice of Law of the<br>Supreme Court of Ohio; James L. Ervin; C. Lynne Day; Don J. Hunt; Porter<br>Wright Morris & Arthur LLP, Joyce D. Edelman, Columbus Bar Association;<br>Ohio Bar Association |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Robert L. Wishner [CA Bar# 78615]  (949) 757-2217<br>18022 Cowan, Suite 100<br>Irvine, CA 92614 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** Excess of jurisdiction

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV10 -1561 AG (MLGx)**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 10-14-10

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                              **CIVIL COVER SHEET**                              Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1561 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
ROBERT L. WISHNER [CA BAR# 78615]
18022 Cowan, Suite 100
Irvine, CA 92614
(949) 757-2217
Attorney for Plaintiffs Jeffrey Norman, Heritage Mktg

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY NORMAN, HERITAGE MARKETING & INSURANCE SERVICE, INC., a California corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> SUPREME COURT OF OHIO, BOARD ON THE UNAUTHORIZED PRACTICE OF LAW OF THE SUPREME COURT OF OHIO; JAMES L. ERVIN; C. LYNNE DAY; DON J. HUNT; PORTER WRIGHT MORRIS & ARTHUR LLP, JOYCE D. EDELMAN, DEFENDANT(S). <br> COLUMBUS BAR ASSOCIATION; OHIO BAR ASSOCIATION | CASE NUMBER <br><br> **SACV10 -1561 AG (MLGx)** <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S): SUPREME COURT OF OHIO, BOARD ON THE UNAUTHORIZED PRACTICE OF LAW OF THE SUPREME COURT OF OHIO; JAMES L. ERVIN; C. LYNNE DAY; DON J. HUNT; PORTER WRIGHT MORRIS & ARTHUR LLP, JOYCE D. EDELMAN, COLUMBUS BAR ASSOCIATION; OHIO BAR ASSOCIATION,
A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Robert L. Wishner_____, whose address is _18022 Cowan, Suite 100, Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **OCT 14 2010**

By: _____**DODJIE LAGMAN**_____

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**